IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLOATSUP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>    Defendants. | Case No. 23-cv-15701<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Hon. Maria Valdez** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff, Floatsup, LLC ("Floatsup"), submits this Memorandum in support of its Motion for Preliminary Injunction.

## I.    INTRODUCTION

Plaintiff is requesting a Preliminary Injunction based on its action for copyright infringement, trade dress infringement, and patent design infringement against the Defendants identified in Schedule A to the Complaint (collectively, "Defendants"). As alleged in Plaintiff's First Amended Complaint (FAC) (Dkt. No. 9), Defendants are manufacturing, advertising, marketing, distributing, offering for sale, and selling products featuring, in whole or in part, Floatsup's patented Design and trade dress without authorization or license (the "Infringing Products"), through several fully interactive, commercial Internet stores operating under at least the Online Marketplace Accounts listed in Schedule A (collectively, the "Defendant Internet Stores"). Further, several of the Defendants identified on Schedule A are manufacturing, displaying, distributing, and otherwise using Plaintiff's copyrighted photographs ("Infringing Advertisements") in advertising the Infringing Products.

1

II. **STATEMENT OF FACTS**

On November 29, 2023, this Court entered a Temporary Restraining Order (the "TRO") against Defendants identified in Schedule A to the FAC. (Dkt. No. 12.) The TRO authorized Floatsup to provide notice to Defendants by electronic means. (*Id*.; see also Declaration of Mackenzie Paladino (hereinafter, "Paladino Decl.") at ¶ 4.) Since and pursuant to the entry of the TRO and the subsequent extension (Dkt No. 16), several financial accounts associated with the Defendant Internet Stores have been frozen. See Paladino Decl. at ¶ 3. Further, since entry of the TRO, Plaintiff has provided notice to each Defendant through electronic mail and online publication, as authorized in the TRO. Paladino Decl. at ¶ 4.

Plaintiff respectfully request that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products as well as display or other use of the copyrighted photographs during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff request that Defendants' financial accounts remain frozen until completion of these proceedings.

III. **ARGUMENT**

   a. **A preliminary injunction extending relief already granted in the TRO is appropriate**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. This Court, in addressing similar allegations of Internet-based infringers, has issued preliminary injunctions following the grant of a TRO. *See, e.g., David Gilmour Music Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 19-cv-04973 (N.D. Ill. Aug. 22, 2019); *Hamann GmbH v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-03332 (N.D. Ill. Jul. 9, 2019); *Jeff Bartels v. The Partnerships and Unincorporated Associations Identified on Schedule*


"A", No. 23-cv-00444 (N.D. Ill. Jan. 27, 2023); *Cecilia Granata v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 23-cv-02076 (N.D. Ill. Apr. 7, 2023).

The standard for granting both a temporary restraining order and preliminary injunction are the same. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). *See also Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). By virtue of this Court's entry of the TRO, it has already been found that the above requirements are satisfied. And there have been no changes in factual circumstances that would warrant a change in the Court's findings.

As addressed in Plaintiff's Memorandum in Support its TRO (Dkt. No. 10), there is a reasonable likelihood that Plaintiff will succeed on the merits. Here, Plaintiff owns the registered copyrights for the Subject Design, trade dress, and Subject Photographs. Paladino Decl. at ¶ 5. The Infringing Products incorporate and copy the Subject Design and trade dress and are considered unlawful derivatives and infringing use of the distinctive creative content found in the Subject Design, as shown in **Exhibit 1** attached to the FAC (Dkt. No. 9). It is clear based on the exact reproduction of the Subject Design and trade dress that Defendants accessed the Subject Design and trade dress through Plaintiff's widespread and public display of each through advertisement and social media marketing online. And Defendants do not have authorization to create unlawful

3

derivatives of the Subject Design or trade dress, copy the Subject Design or trade dress, or otherwise use either in any other manner that infringes on Plaintiffs exclusive patent and trademark rights.

Further, Defendants are advertising and selling the Infringing Products using unlawful displays, reproductions, and copies of Plaintiff's Subject Photographs in violation of Plaintiff's exclusive rights under the Copyright Act, as shown in **Exhibit 1** attached to the FAC (Dkt. No. 9). It is clear based on the exact reproduction of the Subject Photographs that Defendants accessed the Subject Photographs through Plaintiff's widespread distribution and display of such in its own advertisements on its social media and other public profiles. Defendants do not have authorization to display or otherwise use the Subject Photographs in any other manner that infringes on Plaintiff's exclusive rights.

Further, Plaintiff has suffered irreparable harm. At this stage, Floatsup only needs to show that irreparable harm is likely. *See, e.g., Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016). The Seventh Circuit has long held that irreparable harm is presumed in copyright, patent, and trademark infringement cases. *Atari, Inc. v. North Am. Philips Cons. Electronics Corp.*, 672 F.2d 607, 620 (7th Cir. 1982); *Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). And where a copyright owner has expended significant resources promoting products embodying its intellectual property, losses resulting from infringement of such rights constitutes irreparable harm. *HarperCollins Publishers, LLC*, 721 F. Supp. 2d at 307; *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1173 (7th Cir. 1997).

The sort of irreparable harm resulting from copyright infringement includes damage to the owner's business reputation and right of exclusivity. *Spinmaster, Ltd. v. Overbreak LLC*, 404 F.

Supp. 2d 1097, 1111 (N.D. Ill. 2005). Defendants' Infringing Products deprive Plaintiff of the ability to control the creative content of its patent and copyrights, devalues the Subject Design and trade dress by associating it with inferior goods, and undermines the value of the both by creating an impression that infringement may be undertaken with impunity which threatens Plaintiff's ability to develop further artwork and market for existing work. (Floatsup Decl. ¶ 7, 16-19). Accordingly, Plaintiff has established that it will be irreparably harmed by Defendants' infringing conduct if a preliminary injunction is not entered.

Additionally, a causal nexus exists between Defendants' infringement and each of the irreparable harms that Floatsup is suffering. *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1364 (Fed. Cir. 2013). Here, Defendants' infringing use of the Floatsup Design in the Infringing Product is a substantial, if not the exclusive, reason for consumer demand of the Infringing Products. *See PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2015 WL 5210628, at *23-24 (D. Ariz. Sept. 8, 2015), aff'd, No. 2016-1061, 2016 WL 4373941 (Fed. Cir. Aug. 16, 2016) ("The Federal Circuit has explained that when the products at issue are "relatively simple," in the sense that they have a small number of features, the causal nexus requirement is easier to satisfy because the infringing feature has a large impact on demand for the products").

Third, the balance of hardship remains in Plaintiff's favor. As willful infringers, Defendants are entitled to little equitable consideration. "When considering the balance of hardships between the parties in infringement cases, courts generally favor the trademark owner." *Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994). This is because "[o]ne who adopts the marks of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived." *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992) (internal quotation marks omitted). This is equally true in the copyright

5

context, since Defendants "cannot complain" of being forced to cease their infringement. *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1014-15 (C.D. Cal. 2011). Further, the threat of continued copyright infringement without issuance of an injunction as well as the copyright owner's loss of exclusivity occasioned by copyright infringement support a finding that the balance of hardships weighs in favor of awarding injunctive relief. *Virtual Studios, Inc. v. Beaulieu Grp., LLC*, 987 F. Supp. 2d 769, 781 (E.D. Tenn. 2013).

As Plaintiff has demonstrated, Defendants have been and continue to profit from the sale of Infringing Products and use of Subject Photographs. In doing so, Defendants have eliminated or at least damages the exclusivity that Plaintiff is entitled to under the law. Thus, the balance of equities tips decisively in Plaintiff's favor. As such, equity requires that Defendants be ordered to cease their unlawful conduct.

Finally, the issuance of a preliminary injunction remains in the public interest. "[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and correspondingly, preventing the misappropriation of skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983). This is especially true here since protecting the creative content of the Subject Design extends far beyond protecting simply the works; it also protects the integrity of Subject Design and encourages creative expression. Moreover, federal courts have long held that "the trademark laws ... are concerned not alone with the protection of a property right existing in an individual, but also with the protection of the public from fraud and deceit." *Stahly, Inc. v. M.H. Jacobs Co.*, 183 F.2d 914, 917 (7th Cir. 1950) (citations omitted). This is equally true in the patent and copyright context. Thus, the protection of Plaintiff's copyright, patent, and trade dress is in the public interest.

For these reasons, as previously found by this Court, the entry of a preliminary injunction is appropriate.

### b. The equitable relief sought remains appropriate

The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. Similarity, the Copyright Act authorizes courts to issue injunctive relief "on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright…" 17 U.S.C. § 502. Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since the entry of the TRO, Plaintiff has obtained information, including the identification of dozens of foreign accounts, linked to the Defendant Internet Stores, which were offering for sale and/or selling Infringing Products and using the Subject Photographs. The risk that Defendants will liquidate their relevant payment accounts and the financial assets contained in those accounts to avoid this enforcement action remains for the same reasons set forth in Plaintiff's initial Motion for Entry of Temporary Restraining Order (Dkt. No. 10) and later found by the Court (Dkt. No. 11).

In the absence of a preliminary injunction, Defendants may attempt to move assets from any accounts in U.S.-based financial institutions to offshore accounts. Therefore, Defendants assets should remain frozen for the remainder of the proceedings. The amount of damages to which Plaintiff is entitled as set for in the Complaint far exceed any amount contained in any of the Defendants frozen accounts. Indeed, many courts have authorized immediate injunctive relief in similar cases involving the unauthorized use of intellectual property. *See, e.g., Dyson, Tech. Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A,* No. 22-cv-5946

(N.D. Ill. Nov. 1, 2022); *Cecilia Granata v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 23-cv-02076 (N.D. Ill. Apr. 7, 2023); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016). As such, an order continuing to freeze the Defendants' assets should be granted.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court enter the preliminary injunction.

DATED: December 26, 2023

Respectfully submitted,

*/s/ Mackenzie Paladino*
Mackenzie Paladino, Esq. (Bar No. 6342560)
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
mpaladino@donigerlawfirm.com
(310) 590-1820
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 26, 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on the designated website, which has been provided to each Defendant to the an e-mail address provided for Defendants by third parties that includes a link to said website.

      Respectfully submitted,

*/s/ Mackenzie Paladino*
Mackenzie Paladino, Esq. (Bar No. 6342560)
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
mpaladino@donigerlawfirm.com
(310) 590-1820
*Attorney for Plaintiff*